**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**COREY JOHNSON** **PLAINTIFF**
**ADC #129730**

**V.** **NO. 4:23-cv-00766-BRW-ERE**

**OLLIE LEONADUS REDDICK, JR.** **DEFENDANT**

# RECOMMENDED DISPOSITION

## I. Procedure for Filing Objections:

This Recommendation ("RD") has been sent to United States District Judge Billy Roy Wilson. You may file objections if you disagree with the findings and conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Wilson can adopt this RD without independently reviewing the record.

## II. Background:

*Pro se* plaintiff Corey Johnson, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Johnson is currently proceeding on excessive force claims against former officer Corporal Ollie Leonadus Reddick Jr. in both his individual and official capacity.[1] He alleges that,

[1] The Court previously dismissed Mr. Johnson's claims against Defendant Brandon Carroll for failure to state a plausible constitutional claim for relief. *Doc. 8*. In addition, the Court

on August 21, 2020, Defendant Reddick: (1) maliciously sprayed him with large amounts of pepper spray; and (2) applied pressure to his neck, which restricted his breathing and caused him to lose consciousness. Mr. Johnson seeks both monetary and injunctive relief.

Defendant Reddick has now filed a motion for summary judgment, statement of facts, and brief in support. *Docs. 36, 37, 38*. Mr. Johnson has not responded and the time for doing so has passed. *Doc. 40*. Defendant Reddick's motion is now ripe for review.

## III. Discussion

### A. Summary Judgment Standard

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must come forward with specific facts demonstrating that there is a material dispute for

previously dismissed Mr. Johnson's claims against Defendant Johnny L. Williams, III, for failure of service. *Doc. 27*.

trial. *See* FED. R. CIV. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). A party is entitled to summary judgment if – but only if – the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56; *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017).

### B. Undisputed Factual Background[2]

On August 21, 2020, at approximately 1:15 p.m., while Mr. Johnson was housed in isolation at the Varner Unit, Defendant Reddick and former Defendant Corporal Williams were escorting Mr. Johnson to his cell. *Doc. 36-4 at 1*. Once the officers arrived at his cell, Corporal Williams entered the cell with Mr. Johnson. *Doc. 36-3 at 23*. After Corporal Williams removed Mr. Johnson's restraints, Mr. Johnson pulled down his mask and either spit or sneezed on Corporal Williams.[3] *Doc. 36-4 at 1; Doc. 36-3 at 10*. In response, Corporal Williams administered a short burst of Mk-4 to Mr. Johnson's facial area. *Doc. 36-4 at 1*. Corporal Williams then restrained Mr. Johnson so that he could be escorted to the showers for decontamination. *Id. at 2*.

[2] These facts are taken from the video footage of the underlying incident, Mr. Johnson's deposition testimony, and Defendant Reddick's declaration (*Docs. 36-1, 36-2, 36-3, 36-4*). Mr. Johnson did not respond to Defendant Reddick's statement of facts, so they are deemed admitted. *See* Local Rule 56.1(c).

[3] In his deposition, Mr. Johnson initially testified that Corporal Williams sprayed him without any justification. *Doc. 36-3 at 6*. However, later, Mr. Johnson clarified that he pulled down his mask and started sneezing. *Id. at 10*.

Shortly after entering the hallway, Mr. Johnson began to resist, and Corporal Williams ordered him to stop. *Id. at 10*. Mr. Johnson then either started spitting or sneezing on Corporal Williams. *Id. at 2*; *Doc. 36-3 at 4*. Corporal Williams then tripped Mr. Johnson to take him to the ground. *Doc. 36-3 at 24*. Corporal Williams administered another burst of Mk-4 and placed his foot on the back of Mr. Johnson's neck area.[4] *Id. at 13*. While on the ground, Defendant Reddick and non-party Officer K.D. Hence applied pressure to Mr. Johnson's leg area and arm restraints to help regain control.[5] *Doc. 36-4 at 2*. After Mr. Johnson calmed down, officers transferred him to the shower without any further incident. *Doc. 36-1 at 1:15:46*.

During his deposition, Mr. Johnson testified that Mr. Reddick "is guilty" for not intervening to stop Corporal Williams. *Doc. 36-3 at 36*.[6]

### C. Qualified Immunity as to Individual Capacity Claim

As to Mr. Johnson's individual-capacity, excessive-force claim, Defendant Reddick asserts qualified immunity. Qualified immunity protects government officials from personal liability for damages "insofar as their conduct does not

---

[4] Mr. Johnson testified that Corporal Williams administered a "whole can of mace in my face" [and Defendant Reddick] "put his knee on my neck in a George Floyd fashion." *Doc. 36-3 at 7*. Mr. Johnson later clarified that Corporal Williams put his knee on his neck and Defendant Reddick put "his knee in the middle of his back." *Id. at 13*.

[5] During his deposition, Mr. Johnson testified that non-party Officer Hence also had a knee on his back. *Id. at 24*.

[6] While watching the video during his deposition, Mr. Johnson stated that Defendant Reddick also "hit me while I'm in full restraints." *Doc. 36-3 at 32*. However, Mr. Johnson failed to raise that claim in his complaint, so it is not before the Court.

violate clearly established statutory or constitutional rights of which a reasonable person [in their positions] would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To overcome the defense at the summary judgment stage, a plaintiff must show: "(1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation." *Howard v. Kansas City Police Dep't*, 570 F.3d 984, 988 (8th Cir. 2009).

To prevail on his Eighth Amendment excessive-force claim, Mr. Johnson must demonstrate that Defendant Reddick used force "maliciously and sadistically to cause harm," rather than in "a good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013). To act "maliciously" means "taking a course of action, without just cause or reason, that was intended to injure the inmate." *United States v. Miller*, 477 F.3d 644, 647 (8th Cir. 2007) (internal citations omitted). An officer who acts "sadistically" engages in "extreme or excessive cruelty" or "delight[s] in cruelty." *Id*. "The word 'sadistically' is not surplusage; 'maliciously' and 'sadistically' have different meanings, and the two together establish a higher level of intent than would either alone." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017) (citation omitted).

In evaluating whether the force employed by Defendant Reddick was a good-faith effort to restore order, factors to consider include: (1) the objective need for the force; (2) the relationship between the need and the amount of force used; (3) the threat reasonably perceived by Defendant Reddick; (4) any efforts made by Defendant Reddick to temper the severity of his response; and (5) the extent of Mr. Johnson's injuries. *Walker v. Bowersox*, 526 F.3d 1186, 1188 (8th Cir. 2008); *Johnson v. Blaukat*, 453 F.3d 1108, 1112 (8th Cir. 2008).

Based on the undisputed evidence before the Court, Defendant Reddick, by placing his knee into Mr. Johnson's back,[7] used a minimal amount of force in a situation where some use of force was necessary to regain control of Mr. Johnson, who was resisting and disobeying direct orders. See *Peterson v. Heinen*, 89 F4th 628, 636 (8th Cir. 2023) (granting qualified immunity when officers held down a resisting prisoner for a short time so they could restrain him).

Mr. Johnson fails to present any evidence suggesting that Defendant Reddick acted maliciously and sadistically to cause harm. See *Jackson v. Gutzmer*, 866 F.3d 969 (8th Cir. 2017). Rather, the undisputed evidence shows that Defendant Reddick was assisting Corporal Williams in attempting to restrain Mr. Johnson.

[7] The undisputed evidence shows that Defendant Reddick never sprayed Mr. Johnson with a chemical agent or choked him, as Mr. Johnson's complaint alleges.

On this record, no reasonable fact-finder could conclude that Defendant Reddick's use of force on August 21, 2020 violated Mr. Johnson's constitutional rights. See *Peterson v. Heinen*, 89 F.4th 628, 636 (8th Cir. 2023) (granting qualified immunity when officers held down a resisting prisoner for a short time so that they could restrain him); *Burns v. Eaton*, 752 F.3d 1136, 1140 (8th Cir. 2014) (granting qualified immunity when there was no "specific evidence of a malicious motive to harm, or evidence that the force used was so greatly in excess of that needed to restore and maintain order as to raise a reasonable inference of malicious motive").

As a result, Defendant Reddick is entitled to qualified immunity on Mr. Johnson's excessive force claim.[8]

**D. Official Capacity Claim**

"[T]he lack of any constitutional violation forecloses any potential official capacity claims." *Smith v. Walker*, No. 4:22-CV-4005, 2023 WL 6123099, at *9 (W.D. Ark. Sept. 19, 2023) (citing *Ivey v. Audrain Cnty., Mo.,* 968 F.3d 845, 851 (8th Cir. 2020)).

---

[8] To the extent that Mr. Johnson asserts a failure to protect claim against Defendant Reddick based on his deposition testimony, that issue is not before the Court because Mr. Johnson did not plead that claim in his complaint.

## IV. **Conclusion**

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Reddick's motion for summary judgment (*Doc. 36*) be GRANTED.

2. Mr. Johnson's claims against Mr. Reddick be DISMISSED, with prejudice.

3. The Clerk be instructed to close this case.

DATED 29 August 2024.

______________________________
UNITED STATES MAGISTRATE JUDGE